UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEES,<br><br>Plaintiff,<br><br>v.<br><br>SINGSONG, et al.,<br><br>Defendants. | Case No. 19-cv-01603-HSG<br><br>**ORDER OF SERVICE** |

# INTRODUCTION

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that took place at Salinas Valley State Prison ("SVSP"). His amended complaint (Dkt. No. 15) is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

The complaint makes the following allegations.

Plaintiff is a chronic-care patient in that he suffers from chronic lower back pain and has a diagnosed disc disease and left side nerve damage. Per his chrono, he is entitled to special cuffing. Plaintiff has also been diagnosed with claustrophobia. ECF No. 15 at 3, 8–10, 18.

On April 2, 2017, while incarcerated at SVSP, Plaintiff suffered injuries from being attacked and beaten. Plaintiff was handcuffed by defendant Officer Mariscal behind the back despite his special cuffing chrono, exacerbating Plaintiff's pain. Plaintiff requested medical attention. Plaintiff was forcefully snatched off the floor, causing him excruciating pain, and he was made to walk to medical despite severe cramping in his legs. Approximately thirty to forty yards from medical, Plaintiff's back spasmed and he fell to the floor and fainted. Plaintiff was carried into B-Facility Medical where LVN Singsong was. Plaintiff alleges that defendant LVN Singsong was negligent and deliberately indifferent to Plaintiff's medical needs because defendant Singsong failed to respond to the "all-code-calls alarms" and did not rush to provide immediate medical attention. When Plaintiff regained consciousness, he was surrounded by Defendant Singsong, Defendant Mariscal and defendant Officer Ponce. Someone yelled that Plaintiff was faking and threw Plaintiff into a wheelchair. Plaintiff begged for medical assistance but instead he was restrained in the wheelchair and taken to a holding cage in the B-Facility gym. Plaintiff was

2

ordered to enter the cage, even though he was suffering from overwhelmingly painful back spasms and leg cramps and even though he suffered from claustrophobia. Defendant Officer Hogeland ordered Defendant Singsong to leave the gym. Defendant Hogeland snatched Plaintiff from the wheelchair and proceeded to beat, pummel and kick Plaintiff. Plaintiff passed out from the beating. Plaintiff was then transferred to CTC Medical for emergency treatment. Defendants Singsong, Ponce, Mariscal, and Hogeland falsified statements regarding the beating suffered by Plaintiff in the gym. Plaintiff further alleges that Defendants were required to step in and stop the use of excessive or unnecessary force, verbally report such use of force, and then document such use of force. Dkt. No. 15 at 4–6.

**C.     Legal Claims**

Plaintiff alleges that Defendants were deliberately indifferent and used excessive force.

Plaintiff has failed to state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059–60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990)). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate

indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060.

Plaintiff's allegation that his chronic conditions – lower back pain, disc disease, and left side nerve damage – were aggravated by the assault fails to state a serious medical need. Moreover, according to the complaint, Defendant Mariscal and Defendant Singsong took reasonable steps to abate his pain. Defendant Mariscal initially took Plaintiff directly to medical after the assault. While Defendant Singsong may not have attempted to treat Plaintiff prior to his arrival at medical, it appears that the delay between when Plaintiff was assaulted and when he arrived at medical was a matter of minutes. Later, Defendant Singsong followed Plaintiff to the gym but was ordered to leave by Defendant Hogeland. In other words, it appears that Defendant Singsong took reasonable, if not immediate, steps to address Plaintiff's complaints of pain but was prevented from doing so. Moreover, Plaintiff has accused Defendant Singsong of negligence which is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060. Finally, there are no allegations from which it can be reasonably inferred that Defendants Ponce and Hogeland were deliberately indifferent to Plaintiff's medical needs, serious or otherwise. Defendant Ponce and Hogeland arrived after Plaintiff arrived at medical and appeared to have believed that Plaintiff was faking his pain. The Court DISMISSES Plaintiff's Eighth Amendment claim with leave to amend if Plaintiff can, in good faith, allege additional facts that, liberally construed, state a cognizable Eighth Amendment claim against any of the defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

4

could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

However, the complaint's allegation that Defendant Hogeland beat, kicked, and pummeled Plaintiff into unconsciousness states a cognizable claim for use of excessive force in violation of the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment protects prisoners from force used maliciously and sadistically for the purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

### D. Motion to Appoint Counsel

Plaintiff has also requested appointment of counsel. Dkt. No. 15 at 38–50. He states that appointment of counsel is necessary because he is unable to afford counsel; he has limited access to the law library and legal materials; he lacks legal knowledge; his lack of formal education renders it difficult for him to understand complex legal concepts; he has relied on fellow prisoners with legal knowledge to assist him in preparing his filings thus far; the issues are complex; this action will require serious and complex discovery; and he is uncertain as to how to proceed. *Id.*

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981)[1]; *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v.*

---

[1] The Supreme Court clarified its holding in *Lassiter* and prior "right to counsel" cases by stating, "the Court previously had found a right to counsel '*only*' in cases involving incarceration, not that a right to counsel exists in *all* such cases." *Turner v. Rogers*, 564 U.S. 431, 443 (2011).

5

*Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough).

Plaintiff has failed to demonstrate exceptional circumstances requiring appointment of counsel at this time. The Court therefore DENIES Plaintiff's motion requesting appointment of counsel for lack of exceptional circumstances. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### E. Request for Liberal Construction of Plaintiff's Filings

Plaintiff has also requested that the Court liberally construe his amended complaint and any other future filings. Dkt. No. 15 at 52–53. Plaintiff's request is GRANTED in that the Court has liberally construed the allegations in his complaint, *see infra* at 2–3, and will apply the legally applicable standard when reviewing future pleadings.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff's request for appointment of counsel is DENIED and his request for liberal construction of his filings is GRANTED.

2. The Court finds that the complaint states a cognizable claim against Defendant Hogeland for use of excessive force in violation of the Eighth Amendment. The Court DISMISSES with leave to amend the allegation that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

3. If Plaintiff chooses to file an amended complaint to allege a cognizable Eighth Amendment claim against Defendants for failure to treat his serious medical needs, he must file

the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-01603 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the excessive force claim which the Court has already found cognizable, and all the defendants he wishes to sue. *See Ferdi v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint remaining the operative complaint; this action proceeding solely on the excessive force claim found cognizable above; and defendants Singsong, Mariscal and Ponce being dismissed from this action. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendant Officer Hogeland at Salinas Valley State Prison, 31625 Highway 101, Soledad CA 93960. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

5. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this Order is filed, Defendant Hogeland must file and serve a motion for summary judgment or other dispositive motion. If Defendant Hogeland is of the opinion that this case cannot be resolved by summary judgment, Defendant Hogeland must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to

dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant Hogeland no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      Defendant Hogeland shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    6.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

    Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any

8

"factual record" presented by Defendant Hogeland in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendant Hogeland's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

7. All communications by Plaintiff with the Court must be served on Defendant Hogeland's counsel by mailing a true copy of the document to Defendant Hogeland's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant Hogeland's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant Hogeland, but once Defendant Hogeland is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant Hogeland.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 7/24/2019

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge