COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

**FILED**

SEP 23 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name: __Lees'_____Alexander_____
    (Last)              (First)              (Middle Initial)

Prisoner Number: __E-13832_____

Institutional Address: __P.O. BOX 7500_____

__Crescent City, CA 95532_____

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

__Alexander Lees'_____
(Enter your full name.)

vs.

__Singsong, K. Hogeland,_____
__J. Mariscal, O. Ponce_____
(Enter the full name(s) of the defendant(s) in this action.)

Case No. _19-cv-01603-HSG_
(Provided by the clerk upon filing)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
**42 U.S.C. § 1983**

AMENDED COMPLAINT

## I. Exhaustion of Administrative Remedies.

<u>Note:</u> *You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement __Pelican Bay State Prison____ Crescent City, CA

B. Is there a grievance procedure in this institution?   YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

　　1. Informal appeal: __SVSP-SC-17001796; SVSP-L-1701800,__

__No informal level. As a staff complaint is only__

__subject to second level review__

2. First formal level: _N\A_

3. Second formal level: _Denied 5-19-17, Denied 4-25-17_

4. Third formal level: _Denied 8-15-17, Denied 9-25-17_

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES ☒      NO ☐

F.   If you did not present your claim for review through the grievance procedure, explain why.

_N\A_

## II.   Parties.

A.   Write your name and present address. Do the same for additional plaintiffs, if any.

_Alexander Lees, P.O. Box 7500, Crescent City, CA 95532_

B.   For each defendant, provide full name, official position and place of employment.

_Singsong, Licenced Vocational Nurse, Salinas Valley State Prison_

_K. Hogeland, Correctional Officer, Salinas Valley State Prison_

_J. Mariscal, Correctional Officer, Salinas Valley State Prison_

_O. Ponce, Correctional Officer, Salinas Valley State Prison_

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attached

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.   See attached.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   9-18-19

_____
Date

_____
Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

1  ALEXANDER LEES'
2  CDC# E-13832
3  PELICAN BAY STATE PRISON
4  P.O. BOX 7500
5  CRESCENT CITY, CA 95532
6
7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10

11  Alexander Lees'                    Case No. 19-CV-01603-HSG
12              Plaintiff,
13  vs.                                AMENDED COMPLAINT
14  K. Hogeland, Correctional Officer  UNDER THE CIVIL RIGHTS ACT
15  J. Mariscal, Correctional Officer  42 U.S.C. § 1983
16  O. Ponce, Correctional Officer
17  Singsong, LVN,                     JURY TRIAL DEMANDED
18              Defendants,
19

20      I. JURISDICTION & VENUE
21

22  1.  This is a civil action authorized by 42 U.S.C. Section 1983 to
23  redress the deprivation, under color of state law, of rights secured by
24  the Constitution of the United States. The court has jurisdiction
25  under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks
26  declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.
27  Plaintiff's claims for injunctive relief are authorized by 28 U.S.C
28  Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

                            (1)

2. The Northern District of California is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

II. PLAINTIFF

3. Plaintiff, Alexander Lees', is and was at all times mentioned herein a prisoner of the state of California in the custody of the California Department of Corrections and Rehabilitation. He is currently confined in Pelican Bay State Prison, in Crescent City, California.

III. DEFENDANTS

4. Defendant K. Hogeland is a Correctional Officer of the California Department of Corrections and Rehabilitation who at all times mentioned in this complaint was assigned to Salinas Valley State Prison (SVSP). He is legally responsible for the welfare of all inmates under his care and watch.

5. Defendant J. Mariscal is a Correctional Officer of the California Department of Corrections and Rehabilitation who at all times mentioned in this complaint was assigned to SVSP. He is legally responsible for the welfare of all inmates under his care and watch.

6. Defendant O. Ponce is a Correctional Officer of the

(2)

California Department of Corrections and Rehabilitation who at all times mentioned in this complaint was assigned to SVSP. He is legally responsible for the welfare of all inmates under his care and watch.

7. Defendant Singsong is a Licensed Vocational Nurse of the California Correctional Health Care Services who at all times mentioned in this complaint was assigned to SVSP. He is legally responsible for the proper care and reporting of all injuries to all inmates in his care.

8. Each defendant is sued in his individual and official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

III STATEMENT OF FACTS

9. On April 2, 2017, while incarcerated at SVSP, Plaintiff, Alexander Lees', was attacked and beaten by another inmate thirty years his junior.

10. Unable to defend himself, Plaintiff received multiple punches and kicks from his assailant to his face, neck, ribs, and upper and lower back.

11. From this attack, Plaintiff immediately began to experience excruciating pain in his lower back. This numbing pain traveled down his left side of his lower body and left leg. He also

(3)

experiences a throbbing and blinding pain from the punches he received to his face and neck.

12. Due to this initial incident, an all-code-calls- alarm (alarm) was dispatched for all designated officers and medical personnel on SVSP B-facility to respond to.

13. Upon information and believe, SVSP's Health Care Services assigns a nurse to respond to all alarms on B-facility.

14. Upon information and belief, Defendant Singsong was assingn to respond to all alarms on B-facility, On April 2, 2017, and provide medical attention to all inmates involved in the alarms.

15. Defendants K. Hogeland, J. Mariscal, and O. Ponce responded to the alarm called for the initial incident where Plaintiff was attacked.

DELAY AND DENIAL OF MEDICAL NEED

16. Immediately, Plaintiff was ordered to get down on the floor by one of the responding officers, Defendant J. Mariscal.

17. Although in severe pain from the initial attack, Plaintiff complied and proned out, face down on the ground.

18. While still on the ground, Defendant J. Mariscal stepped over

(4)

Plaintiff and instructed him to place his hands behind his back to be cuffed.

19. Plaintiff immediately notified Defendant Mariscal that he was in severe pain and of the fact that he had a Special Cuffing medical chrono. (See Exhibit A)

20. Plaintiff, Alexander Lees' is a chronic care patient and has been diagnosed, prior to April 2, 2017, with disc disease and left side nerve damage and suffers from chronic lower back pain. (See Exhibit B)

21. Per chrono, issued by California Correction Health Care Services (CCHCS), he is entitled to special cuffing, not behind his back.

22. Ignoring Plaintiff's pleas not to be cuffed behind his back, Defendant J. Mariscal forcefully pulled Plaintiff's arms back and cuffed him behind his back.

23. Plaintiff cried out from the pain he felt from being cuffed behind his back and begged for medical attention but was ignored by Defendants Mariscal, Hogeland, and Ponce.

24. Plaintiff looked around for any medical personnel to assist him but did not see any nurse around.

(5)

25.  Plaintiff was instructed to sit up. As he attempted to comply and sat up, his lower back and legs began to cramp.

26.  Plaintiff complained of experiencing excrutiating pain from the initial attack and from being cuffed behind his back to both Defendants Hogeland and Ponce. and again asked for medical attention to his serious injuries and chronic pain.

27.  Suddenly and without warning Defendant J. Mariscal forcefully snatched Plaintiff off the ground, causing severe pain, and was told "You want medical? then walk".

28.  Plaintiff was made to walk towards medical despite severe cramping in his legs and lower back.

29.  Approximately 30 to 40 yards from medical, Plaintiff's legs began to cramp again and back spasms took Plaintiff to the ground.

30.  Plaintiff loss consciousness.

31.  When Plaintiff regained consciousness, he found himself in B-facility medical surrounded by Defendants K. Hogeland, J. Mariscal, O. Ponce, and now Defendant Singsong. LVN.

32.  Quickly seeing medical personnel, Plaintiff asked Defendant Singsong to help him and provide medical attention. but

(6)

Defendant just ignored him.

33. On a regular basis, Defendant Singsong issued inmates their prescriptions. Plaintiff receives medication three times a day for his lower back and nerve pain. Defendant Singsong was familiar with Plaintiffs ailments and chronic pain prior to April 2, 2017.

34. Defendant Singsong failed to provide Plaintiff any medical attention. He did not examine or questioned Plaintiff regarding his complaint of being in severe pain as obligated by law.

35. Defendant Singsong also failed to respond to the alarm dispatched when Plaintiff was attacked and provide on-scene immediate medical attention.

36. Defendant Singsong failed to properly examine and evaluate Plaintiff, Alexander Lees, serious injuries and showed deliberate indifference to his serious injuries by deeming them as minor and disregarding his constant pleas for aid. He also failed to properly report Plaintiff's injuries in mandatory departmental injury report. Upon request of all related medical and injury reports from the incidents of April 2, 2017, none were lodged in Plaintiff's C-file or medical file.

37. By failing to follow law mandated protocal regarding to injuries to inmates and administrating prison health care

(7)

services, Defendants K. Hogeland, J. Mariscal, O. Ponce denied and unreasonably delayed Plaintiffs right of access to adequate medical care to his injuries from the initial attack, leg cramps, back pain, and cuffing behind his back.

38.   Defendants K. Hogeland, J. Mariscal, O. Ponce, and Singsong were indifferent to Plaintiffs serious medical needs, which each and all defendants were aware of, and as a result of that deliberate indifference was mistreated as minor as his condition and pain worsened.

39.  The failure by Defendants K. Hogeland, J. Mariscal, O. Ponce, and Singsong of providing Plaintiff with medical attention when Plaintiff first pled for help and informed Defendants, and each of them, of his serious injuries resulted in further significant injury and unnecessary and wanton infliction of pain.

EXCESSIVE USE OF FORCE

40. After Plaintiff begged Defendant Singsong to care for his injuries, Defendant K. Hogeland began to scream at Plaintiff to "get up" and told Defendant Singsong that Plaintiff was "faking" at which time Defendant K. Hogeland picked up and threw Plaintiff in a wheelchair.

( 8 )

41. Plaintiff asked Defendant SingSong for help but instead was restrained in the wheelchair by Defendants Hogeland, Mariscal, and Ponce. and wheeled out to B-facility's gym to be placed in a holding cages.

42. Upon information and belief, there are three holding cages in B-facility gym. They are enclosed in solid plastic. All yards and facilities at SVSP have these holding cages with an officer on post to assure prisoner and staff safety.

43. When wheeled into B-facility gym, Defendant K. Hogeland ordered Plaintiff to enter the small holding cage.

44. Plaintiff tried to explain to Defendants, and each of them, of his suffering from overwhelming painful back spasms and leg cramps and the fact that he suffered from claustrophobia.

45. Plaintiff, Alexander Lees, is a mental health patient and under CCCMS mental health care. with claustrophobia (See Exhibit C)

46. Use of force policy for CCCMS requires for and limits on prison staff when using force against prisoners on the mental health caseload. In all controlled use of force situations, there must be a cool down period during which a mental health staff

(9)

member must try to resolve the problem. (See Exhibit D)

47. Plaintiff was cuffed behind his back, restrained in a wheelchair surrounded by three prison officers, Defendants Hogeland, Mariscal, and Ponce. The situation was controlled.

48. As Plaintiff tried to inform Defendant Hogeland of his pain and claustrophobia he, Defendant Hogeland, ordered Defendant Singsong to leave the gym.

49. Suddenly, Defendant K. Hogeland snatched Plaintiff up from the wheelchair and threw him on the floor and proceeded to beat, pummel, and kick Plaintiff. He slammed Plaintiff on his face, elbows, and bent his arms back.

50. Instead of stopping the beating Plaintiff was receiving from Defendant Hogeland, Defendants J. Mariscal and O. Ponce joined in on the beating of Plaintiff.

51. Defendant Mariscal punched, kicked and dragged Plaintiff, hitting him in the head, face, back, and legs.

52. Defendant Ponce punched, kicked and pummeled Plaintiff on the face, neck, back and twisted his arms.

53. Plaintiff begged for Defendants Hogeland, Mariscal, and Ponce to stop the beating. Plaintiff felt he was going to be killed by his assailants Hogeland, Mariscal and Ponce, Defendants

(10)

54. Plaintiff loss consciousness from the beating received by Defendants K. Hogeland, J. Mariscal, and O. Ponce. He was Emergency-Transferred to CTC Medical.

Due Process Violation.

55. Defendants K. Hogeland, J. Mariscal, O. Ponce, and Singsong conspired to cover up the events that took place on April 2. 2017. They, and each of them, falsified injury reports throwing blame of Plaintiff for their illegal actions. Plaintiff was falsely accused of assaulting staff as a means to condone his beating. (See Exhibit E)

56. Plaintiff was placed in Administrative Segregation Unit and received D.A. referral.

57. Defendants K. Hogeland, J. Mariscal, O. Ponce owed Plaintiff the duty of keeping him free of injury to himself. Defendants Hogeland, Mariscal, and Ponce failed this duty when they beat Plaintiff unconsciously while in restrains.

58. The excessive force demostrated by Defendants Hogeland, Mariscal, and Ponce was not applied in a good faith effort to maintain or restore order but to maliciously and sadistically cause Plaintiff, Alexander Lees, harm.

59. The beating Plaintiff received is not justified by any

(11).

legitimate prison management need and was completely out of proportion to that need.

## IV. EXHAUSTON OF ADMINISTRATIVE REMEDIES

60.   Plaintiff has previously sought and exhausted available relief from the proper administrative officials regarding the acts alleged in this complaint.

61.   The grievance procedures are completed and denied by CDCR at all levels as monetary compensation is outside of their jurisdiction. (See Exhibit F)

## V. LEGAL CLAIMS

62.   Plaintiff realleges and incorporates by reference paragraphs' 1-61.

63.   The delay, denial, and deliberate indifference to Plaintiffs medical need violated Plaintiff's Lees' rights and constituted cruel and unusual punishment under the Eight Amendment to the United States Constitution. by all Defendants.

64.   the excessive force use in the beating of Plaintiff. by Defendants K. Hogeland, J. Mariscal, and O. Ponce violated Plaintiff Lees' rights and constituted cruel and unusual punishment under the Eight Amendment to the United States Constitution.

(12)

65. The falsification of document which placed Plaintiff in Administrative Segragation forcing him to plea and prove his innocence for frivolous charges condoning Defendants K. Hogeland, J. Mariscal, and O. Ponce's actions are a clear violation of Plaintiff Lees rights and constitutes a clear violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

66. Plaintiff Lees' has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgement:

Granting Plaintiff Lees' a decleration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States and

A preliminary and permanent injunction ordering Defendants to remove all disciplinary actions stemming from this incident be expunged from his C-File and cease their physical violence and threats toward Plaintiff.

(13)

Compensatory damages in the amount of $250,000 against each defendant, jointly and severally.

Punitive damages in the amount of $100,000 against each defendant.

A jury trial on all issues triable by jury

Plaintiff's costs in this suit

Any additional relief this court deems just, proper, and equitable.

Dated: September 18, 2019

Alexander Lees
CDC# E-13832
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532


VERIFICATION


I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true, I certify under penalty of perjury that the foregoing is true and correct.

(14)

Executed at Crescent City, CA on September 18, 2019

Alexander Lees'
In Pro Se

(15)

# Index of Exhibits

| Exh. | Description | Pgs. |
|------|-------------|------|
| A | Special Cuffing Chrono | 2 |
| B. | Examination Report | 7 |
| C. | Mental Health Diagnosis/ADA | 2 |
| D. | Use of Force, Mental Health Info | 1 |
| E. | Incident Report | 5 |
| F. | Health Care Appeal / Inmate Appeal | 15 |

EXHIBIT A

• *For Potential for lack of continuity of care:* Take 1 tab (Total Dose = 40 mg), by mouth once a day at bedtime
on your own
   • Start Date:September 04, 2018
   • Take for: 330 day(s)
*Comments: —*

LEES, ALEXANDER has been given the following list of follow-up instructions, prescriptions, and patient
education materials:

**Follow-up Appointments**

   **Cocci Skin Testing** 09/23/17 3:02:15 PDT

   **Consult to Physical Therapy (PT) Outpatient Eval and Treat** 11/26/18 0:01:00 PST, Routine Priority (46-90 days),
   Chronic low back pain | Radicular pain, Chronic low back pain, bulging discs (MRI 2009, EMG 2010 - neg). Pls eval for
   HEP, 02/26/19 23:59:00 PST

   **Follow Up LVN 10** 09/07/19 0:01:00 PDT, Care Management, 7 days, 09/14/19 23:59:00 PDT, PHS

   **Follow Up LVN 10** 07/10/20 0:01:00 PDT, Care Management, 1 week, 07/17/20 23:59:00 PDT, Biennial PHS last seen
   7/18/18

   **Follow Up LVN 10** 01/25/19 7:50:00 PST, Blood Pressure Check, 30 days, 09/28/18 23:59:00 PDT, bp monthly x 180
   d Report to pcp if sbp>150 or DBP >100

   **Follow Up LVN 10** 02/22/19 7:30:00 PST, Blood Pressure Check, 30 days, 09/28/18 23:59:00 PDT, bp monthly x 180
   d Report to pcp if sbp>150 or DBP >100

   **Medical Chronic Care (CCP) Follow Up 40** 08/29/18 0:01:00 PDT, *180 days (all other chronic conditions), 02/25/19
   23:59:00 PST, CC HTN, HLD 180 d

   **Medical Episodic Care Follow Up 20** 01/04/19 12:20:00 PST, 7 days, 01/10/19 23:59:00 PST, f/u on refusal of
   nifedipine x 3, lisiniopril, hctz, prvastatin all refused x1. (Also refusing lithium)

**Chronos**

   **128-D Dental Priority Classification** 08/16/17 13:45:00 PDT, DPC 3

   **128-D Dental Priority Classification** 10/16/17 12:29:00 PDT, DPC 4

   **7410** 08/14/17 10:58:00 PDT

   **7410 (SOMS)** 08/14/17 10:56:51 PDT, P, 7410 Expire Date 12/31/9999, LBO, Cutover Entry - New Arrival

   **7410 (SOMS)** 08/14/17 10:59:14 PDT, P, 7410 Expire Date 12/31/9999, LBO, SC, LR, Cutover Entry - New Arrival

**DPW**= Full Time Wheelchair User Impacting Placement Placement

**DPO**= Intermittent Wheelchair User Impacting

**DPM**=Mobility Impairment Impacting Placement Placement

**DLT**=Requires Level Terrain NOT Impacting

**DPH**=Deaf/Hearing Impairment Impacting Placement Placement

**DNH**=Hearing Impairment NOT Impacting

**DPV**=Blind/Vision Impairment Impacting Placement

**BFWCO**=Barrier Free Wheelchair

**GFLS**= Ground Floor-Limited Stairs

**GFNS**=Ground Floor-No Stairs

**LBO**= Lower/Bottom Bunk Only

**IAA**=Inmate Attendant/Assistant

**WCFT**=Full Time Wheelchair User

**WCLT**=Limited Wheelchair User

**TVWL**=Transport Vehicle with Lift

**SC**=Special Cuffing Needed,

**ETM**=Extra Time for Meals

**UVX**=UV Exposure Restrictions

**WRN**=No Rooftop Work

**DKD**=Kidney Disease

**UNST**=Unrestricted

**LR**=Lifting Restriction- Unable to Lift more than 19 Pounds

**DNM**= Mobility Impairment (Lower Extremities) NOT Impacting Placement

EXHIBIT B



**Salinas Valley Radiologists, Inc.**
559 Abbott Street, Salinas, CA 93901
Phone: (831) 775-5200

James A. Kowalski, MD
Donald A. Catalano, MD
Giles A. Duesdieker, MD
Michael E. Basso, MD
David A. Staunton, MD
Gary E. Falkoff, MD

Richard A. Villalobos, MD
B. Misa Hoschama, MD
F. Scott Perelas, MD
Tamoor Anwar, MD
Amy Lantis Stemerman, MD
Kristian M. Wulff, MD
Arthur Nathanson, MD

PATIENT NAME: **ALEXANDER LEES**

| ACCOUNT NO | ACCESSION NO | DATE OF BIRTH | AGE / SEX | DATE OF SERVICE | OUTSIDE NO |
|---|---|---|---|---|---|
| M200007147 | 1000151630 | 02/07/1962 | 47 / M | 10/28/2009 | E13832 |

AT THE REQUEST OF
**JOANNE RHOADS, NP**
**31625 HWY 101**
**SOLEDAD, CA 93960-0**

LOCATION
**GROUP - GROUP**

GRP MR LUMBAR SPINE W/O CONTRAST

**HISTORY:** 47-year-old male with chronic low back pain and L4-5 disc space degeneration seen on plain x-rays of November 2008.

**TECHNIQUE:** Scanning was performed at 1.5 T in multiple planes with various standard and/or modified spin echo and/or gradient echo sequences to observe morphology and tissue signal characteristics. These will be detailed as may be appropriate in the report below.

**FINDINGS:** In sagittal imaging planes, the vertebral bodies are normally aligned. The discs are normal at all levels except L4-5 where the disc spaces narrow and the nucleus is very small and degenerated. The endplates show mildly increased signal with T1 and T2 weighting, a combination of slight active and chronic degenerative endplate disease. There is a slight indentation on the ventral CSF at this level.

The axial image sequences confirm disc disease at this L4-5 level showing a moderate diffuse annular bulge circumferentially but with exaggeration toward the left and moderate encroachment on the inferior part of the left neural foramen at L4-5. This may be a moderate disc protrusion. It is difficult to tell because of the sequencing techniques. No other findings are noted on axials.

**CONCLUSION:** Obvious degenerative disc disease at L4-5 including the endplates and with annular bulging and very likely a left posterolateral protrusion that encroaches slightly on the inferior neural foramen.

Thank you for referring your patient to us;

Arthur Nathanson, MD    10/30/2009  8:11AM    RB    10/30/2009 12:49 PM

(THIS INFORMATION IS RELEASED FOR YOUR PROFESSIONAL USE AND IS PRIVILEGED.
DO NOT DUPLICATE WITHOUT THE EXPRESSED PERMISSION OF THE PATIENT.
IF YOU RECEIVE THIS REPORT IN ERROR, PLEASE CONTACT OUR FACILITY.)

*EXHB-H-B  NO# 1-6*

# Rehabilitation Management Systems, Inc.
## A Medical Corporation

648 Northfield Drive
Sacramento, CA 95833
(916) 927-3422
(916) 927-1245 Fax

Date of Examination:  3/10/2010

| Patient: | Lees, Alexander | DOB: | 2/7/1962 | Neurophysiologist: | D. White, DPT, ECS |
|----------|-----------------|------|----------|--------------------|--------------------|
| ID#: | E13832 | SEX: | Male | | |

## PRIMARY COMPLAINTS:

Patient is a 48 year-old male who presents with low back pain radiating to the lower extremities (L>R). He reports numbness and tingling in the left lower extremity generally and pain in the right hip. Patient complains of increased pain with standing and lying down with pain related weakness in the lower extremities.

## IMPRESSIONS/CONCLUSIONS: THIS IS AN ABNORMAL STUDY.

1. **SIGNIFICANT ELECTROPHYSIOLOGIC EVIDENCE** was recorded suggestive of a **MILD peroneal nerve compromise** at or near the **ankle on the left**. See Comment # 1 below.

## SUMMARY OF NORMAL FINDINGS

1. **NO ELECTROPHYSIOLOGIC EVIDENCE** was recorded suggestive of an isolated tibial nerve entrapment bilaterally.

2. **NO ELECTROPHYSIOLOGIC EVIDENCE** was recorded suggestive of an isolated peroneal nerve entrapment on the right.

3. **NO ELECTROPHYSIOLOGIC EVIDENCE** was recorded suggestive of an isolated sural nerve entrapment bilaterally.

4. **NO ELECTROPHYSIOLOGIC EVIDENCE** was recorded suggestive of an underlying polyneuropathic process of the bilateral lower extremities.

5. **NO ELECTROPHYSIOLOGIC EVIDENCE** was recorded suggestive of a lumbosacral radiculopathic process involving the L2-S2 nerve roots bilaterally.

MAR 1 8 2010

Patient: Lees, Alexander

Test Date: 3/10/2010

Page 2

## COMMENTS:

1. LEFT LOWER EXTREMITY - PERONEAL NERVE: The peroneal motor distal latency was PROLONGED with decreased CMAP amplitudes. The left peroneal motor F-wave was prolonged.

Respectfully,

Reviewed and Interpreted by:

Darin White, DPT, ECS
ABPTS Board Certified in Clinical EMG/NCS

Paul E. Kaplan, MD
Board Certified in PM&R and Electrodiagnostic Medicine

Limb temperature was maintained above 32 degrees Celsius for upper limbs and above 28 degrees Celsius for lower limbs. Side-to-side comparisons were within normal limits unless otherwise noted.

*This study has been performed in accordance with the California Business and Professions Code, and with the California Code of Regulations. The findings in this report do not represent diagnostic interpretations or medical diagnosis. The results of the electromyographic examination must be integrated with the patient's history, clinical examination, and results of any other tests performed in establishing a medical diagnosis.*

Patient: Lees, Alexander

Test Date: 3/10/2010

Page 3

# Nerve Conduction Studies

## Anti Sensory Summary Table

| Site | NR | Peak (ms) | Norm Peak (ms) | P-T* Amp (µV) | Norm P-T Amp | Site1 | Site2 | Delta-P (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Left Sural Anti Sensory (Lat Mall) | | | | | | | | | | | |
| Calf | | 3.9 | <4.2 | 14.1 | >5.0 | | | | | | |
| Site 2 | | 4.0 | | 16.7 | | Calf | Lat Mall | 3.9 | 14.0 | 36 | >33 |
| Right Sural Anti Sensory (Lat Mall) | | | | | | | | | | | |
| Calf | | 3.7 | <4.2 | 16.7 | >5.0 | Calf | Lat Mall | 3.7 | 14.0 | 38 | >33 |

## Motor Summary Table

| Site | NR | Onset (ms) | Norm Onset (ms) | O-P* Amp (mV) | Norm O-P Amp | Site1 | Site2 | Delta-0 (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Left Peroneal Motor (Ext Dig Brev) | | | | | | | | | | | |
| Ankle | | 6.9 | <6.0 | 0.6 | >2.5 | | | | | | |
| B Fib | | 15.0 | | 0.7 | | B Fib | Ankle | 8.1 | 36.0 | 44 | >40 |
| Poplt | | 17.5 | | 0.5 | | Poplt | B Fib | 2.5 | 11.0 | 44 | >40 |
| Right Peroneal Motor (Ext Dig Brev) | | | | | | | | | | | |
| Ankle | | 5.8 | <6.0 | 4.0 | >2.5 | | | | | | |
| B Fib | | 13.4 | | 3.3 | | B Fib | Ankle | 7.6 | 37.0 | 49 | >40 |
| Poplt | | 15.5 | | 3.0 | | Poplt | B Fib | 2.1 | 9.0 | 43 | >40 |
| Left Tibial Motor (Flex Hall Brev) | | | | | | | | | | | |
| Below Ankle | | 4.4 | <6.0 | 7.4 | >3.0 | | | | | | |
| Above Ankle | | 6.6 | | 7.9 | | Above Ankle | Below Ankle | 2.2 | 10.0 | 45 | >38 |
| Poplt Fossa | | 15.3 | | 6.1 | | Poplt Fossa | Above Ankle | 8.7 | 42.0 | 48 | >40 |
| Right Tibial Motor (Flex Hall Brev) | | | | | | | | | | | |
| Below Ankle | | 5.0 | <6.0 | 6.3 | >3.0 | | | | | | |
| Above Ankle | | 6.7 | | 11.3 | | Above Ankle | Below Ankle | 1.7 | 10.0 | 59 | >38 |
| Poplt Fossa | | 15.6 | | 8.5 | | Poplt Fossa | Above Ankle | 8.9 | 42.0 | 47 | >40 |

## F Wave Studies

| NR | F-Lat (ms) | Lat Norm (ms) | L-R F-Lat (ms) | L-R Lat Norm | M-Lat (ms) | FLat-MLat (ms) |
|---|---|---|---|---|---|---|
| Left Peroneal (Mrkrs) (EDB) | | | | | | |
| | 60.49 | <60 | 4.49 | <4.0 | 6.33 | 54.16 |
| Right Peroneal (Mrkrs) (EDB) | | | | | | |
| | 56.00 | <60 | 4.49 | <4.0 | 5.33 | 50.67 |
| Left Tibial (Mrkrs) (Abd Hallucis) | | | | | | |
| | 55.33 | <61 | 0.00 | <4.0 | 6.67 | 48.66 |
| Right Tibial (Mrkrs) (Abd Hallucis) | | | | | | |
| | 55.33 | <61 | 0.00 | <4.0 | 6.67 | 48.66 |

## H Reflex Studies

| NR | H-Lat (ms) | L-R H-Lat (ms) | L-R Lat Norm | M-Lat (ms) | HLat-MLat (ms) |
|---|---|---|---|---|---|
| Left Tibial (Gastroc) | | | | | |
| | 33.78 | 0.44 | <2.0 | 7.56 | 26.22 |
| Right Tibial (Gastroc) | | | | | |
| | 34.22 | 0.44 | <2.0 | 7.56 | 26.66 |

Patient: Lees, Alexander

Test Date: 3/10/2010

Page 4

## EMG

| Side | Muscle | Nerve | Root | Ins Act | Fibs | Psw | CRD's | Fascic | Amp | Dur | Poly | Recrt | Int Pat | Comment |
|------|--------|-------|------|---------|------|-----|-------|--------|-----|-----|------|-------|---------|---------|
| Right | VastusMed | Femoral | L2-4 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Right | AntTibialis | Dp Br Peron | L4-5 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Right | Peroneus Long | Sup Br Peron | L5-S1 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Right | MedGastroc | Tibial | S1-2 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Right | BicepsFemS | Sciatic | L5-S1 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Left | VastusMed | Femoral | L2-4 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Left | AntTibialis | Dp Br Peron | L4-5 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Left | Peroneus Long | Sup Br Peron | L5-S1 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Left | MedGastroc | Tibial | S1-2 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |
| Left | BicepsFemS | Sciatic | L5-S1 | Nml | Nml | Nml | Nml | 0 | Nml | Nml | 0 | Nml | Nml | |

## Paraspinal EMG

| Side | Muscle | Nerve | Root | Ins Act | Fibs | Psw | CRD's |
|------|--------|-------|------|---------|------|-----|-------|
| Left | UpperLumbParasp | Rami | L1-L2 | Nml | Nml | Nml | Nml |
| Left | MiddleLumbParasp | Rami | L3-L4 | Nml | Nml | Nml | Nml |
| Left | LowerLumbParasp | Rami | L5-S1 | Nml | Nml | Nml | Nml |
| Right | UpperLumbParasp | Rami | L1-L2 | Nml | Nml | Nml | Nml |
| Right | MiddleLumbParasp | Rami | L3-L4 | Nml | Nml | Nml | Nml |
| Right | LowerLumbParasp | Rami | L5-S1 | Nml | Nml | Nml | Nml |

Patient: Lees, Alexander        Test Date: 3/10/2010        Page 5



Patient: Lees, Alexander

Test Date: 3/10/2010

Page 6



EXHIBIT C

P. Clendenin LCSW

Pelican Bay State Prison

5905 Lake Earl Drive

Crescent City, CA 955532

June 26, 2019

RE: Lees, Alexander #E13832

To Whom It May Concern:

Mr. Lees is a patient in the CDCR Mental Health Delivery System at the CCCMS
level of care. He has, for the majority of the time been treated at this outpatient
level of care since 2005. I have been his Primary Clinician since 11/27/2017.

His current diagnosis is Bipolar II Disorder and Borderline Personality Disorder. He
also suffers from claustrophobia. His medications include Sertraline, Lithium,
Strattera and Gabapentin.

Sincerely,

*P. Clendenin*

P. Clendenin LCSW

perma.clendenin@cdcr.ca.gov

(707)465-1000 x7333or 7317

## ADA/Effective Communication Patient Summary

**As of:** 07/08/2019 14:05

### Patient Information

**NAME:** LEES, ALEXANDER
**CDCR:** E13832

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 08/14/17
10:59:14 PDT

**Current Housing Restrictions/Accomodations:**
 * Lifting Restriction
 * Special Cuffing
 * Bottom Bunk

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 10.9

**TABE Date:** 08/31/2018 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** No

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:**
 * Eyeglass Frames Permanent
 * Knee Braces Temporary

### MHSDS

**MHLOC:**   CCCMS

# EXHIBIT D

## New Use of Force policies, including for CCCMS and EOP prisoners

CDCR has revised its use of force policy and procedures to include new requirements for and limits on staff when using force against prisoners on the mental health caseload.  The revised procedures are in the CDCR Department Operations Manual (DOM), at sections 51020.1 through 51020.24. Other rules about use of force are in Title 15, California Code of Regulations, sections 3268 et seq.  The following summary only concerns use of force rules with special application to mental health patients.  These rules apply only to controlled use of force situations, such as a cell extraction, and <u>not</u> to immediate force situations.

In all controlled use of force situations, there must be a cool down period during which a mental health staff member must try to resolve the problem.  During the cool down period, the mental health staff member must also determine if the prisoner can understand orders or cannot comply with orders due to mental health issues.  If a prisoner cannot understand or comply with orders because of a mental health issues, strategies other than use of force must be proposed and considered.  If other strategies do not work, force can be used, but chemical agents (including pepper spray) can be used only if approved by the Warden, Chief Deputy Warden, or Administrative Officer of the Day.  DOM section 51020.12.

In controlled use of force situations for prisoners in a MHCB, PIP, OU, PSU, EOP, or Ad Seg-EOP Hub, or who cannot understand or comply with orders because of mental health issues, or are at increased risk of substantial decompensation from use of force, chemical agents (including pepper spray) are prohibited unless authorized by the Warden, Chief Deputy Warden, or Administrative Officer of the Day.  DOM section 51020.15.3.

EXHIBIT E

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A - COVER SHEET**
CDCR 837-A (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 1 Of 7 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | SVSP-FBG-17-04-0225 | 04/02/2017 | 19:56 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD SEG | USE OF FORCE |
|---|---|---|---|---|---|---|---|
| SVSP | FBG - 270 | LEVEL IV | FACILITY B GYM | GYM | GP | N/A | ☑ Yes ☐ No |

| SPECIFIC CRIME / INCIDENT | ☑ CCR ☐ PC ☐ N/A NUMBER / SUBSECTION |
|---|---|
| Battery on a Peace Officer Resulting in Use of Force | 3005-d1 Force or Violence |

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO / AA NOTIFIED |
|---|---|---|---|
| ☑ Yes ☐ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☑ Yes ☐ No |

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☐ N/A<br>1. Committed On: STAFF | ☐ N/A<br>1. Assault Type: BATTERY ON STAFF |

| SERIOUS BODILY INJURY | INMATE WEAPONS | FORCE USED |
|---|---|---|
| ☑ N/A | ☑ N/A | ☐ N/A<br>1. PHYSICAL FORCE<br>2. PHYSICAL FORCE<br>3. PHYSICAL FORCE |

| ESCAPES |
|---|
| ☑ N/A |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | EXTRACTION | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)
On April 2, 2017, at 1956 hours Inmates LEES E13832, committed the act of Battery on a Peace Officer that resulted in staff utilizing the Physical Force to quell the incident.

COMPLETE SYNOPSIS / SUMMARY ON CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| R MARTINEZ | CORRECTIONAL LIEUTENANT | | |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. INCIDENT SITE | DATE |
|---|---|---|
| | | 4/2/2017 |

| NAME OF WARDEN / AOD (PRINT / SIGN) | TITLE | DATE |
|---|---|---|
| P. SULLIVAN | CAPTAIN | |

PAGE #1

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | PAGE 2 Of 7 | INCIDENT LOG NUMBER SVSP-FBG-17-04-0225 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| SVSP | FBG - 270 | 04/02/2017 | 19:56 |

TYPE OF INFORMATION:

☑ SYNOPSIS OF INCIDENT ☐ SUPPLEMENTAL INFORMATION ☐ AMENDED INFORMATION ☐ CLOSURE REPORT

On April 2, 2017, at 1956 hours Inmates LEES E13832 committed the act of Battery on a Peace Officer that resulted in staff utilizing the Physical Force to quell the incident.

While staff was placing Inmate LEES into a holding cell in the Facility B Gym due to being involved in a prior incident (Refer to SVSP-FB5-17-04-0224), he utilized his right leg and foot and pushed of the holding cell chair. At that time, Inmate LEES left leg went back and struck Officer J. Mariscal lower left leg. As Inmate LEES continued to struggle he then elbowed backwards striking Mariscal in his left shoulder. Staff gave LEES continuous orders to cease his actions, which he ignored. He continued to move to his left side and struck Officer Ponce with his left elbow in the upper torso area. At the time, Officers Mariscal, Ponce and K. Hogeland forced Inmate LEES to the ground with their combined body weight to quell the incident. Due to the incident Inmate LEES stated he was having heart and lower back issues and he was transported to CTC. Inmate LEES was rehoused in ASU.

Due to the incident Officers Mariscal received an injury to his right wrist and remained on duty. Officer Ponce received injuries to his right wrist and forearm, both knees and aquired a headache. Officer Ponce was transported to an outside hospital by Sgt. J. Sevey. CCPOA Rep. K. White was notified of the incident.

• Officer J. Mariscal announced the Code via the radio.
• Sgt. S. Gutierrez announced the Code 4 via the radio.

SUSPECT(S): LEES E13832

VICITM(S): N/A

ESCORT(S): Officers A. Demnowicz and S. Sheridan escorted Inmate LEES from the Facility B Gym placing him in the ERV. A holding cell was never utilized in this incident. The inmate was forced to the ground during the incident. The inmate was removed from the ground and placed in an ERV for transport.

USE OF FORCE: Officers Mariscal, Ponce and K. Hogeland forced Inmate LEES to the ground with their combined body weight.

DECONTAMINATION: N/A

VIDEOTAPE INTERVIEW: N/A

EVIDENCE: ISU Officer took a series of photographs of the suspect and officers and processed the evidence into ISU Evidence Locker # 7.

MEDICAL/MENTAL HEALTH EVALUATION: LVN I. Singson examined Inmate LEES noting no injuries. LVN E. Kaufman examined Officer Mariscal noting the following: pain and reddened are to right wrist. LVN E. Kaufman examined Officer Ponce noting the following: headache, pain, reddened area and swollen area to right wrist and forearm, pain & swollen area to right knee and pain to left knee. Inmate LEES is a participant in the Mental Health Delivery System at the CCCMS level of care.

CONCLUSION: Inmates LEES will receive 115 Rules Violation Reports for the specific act of "Battery on a Peace Officer" a Division B Offense.

NOTIFICATIONS: This incident will be referred to the Monterey County District Attorney's Office for Felony prosecution. All administrative staff has been notified of this incident. Any additional information will be forwarded via supplemental reports.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) R MARTINEZ | TITLE CORRECTIONAL LIEUTENANT | ID # | BADGE # |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE 4/2/2017 |
| NAME OF WARDEN / AOD (PRINT / SIGN) | | TITLE | DATE |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| SCSP | BSF facility | USE OF FORCE / INJURY / UNUSUAL OCCURRENCE | PRE-ADMISSION/ADMISSION | 4/2/17 |

| THIS SECTION FOR INMATE ONLY | NAME LAST CEES, | FIRST ALEXANDER | CDC NUMBER BC38321 | HOUSING LOC. 05-222 | NEW HOUSING LOC N/A |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST N/A | FIRST | BADGE N/A | RANK/CLASS N/A | ASSIGNMENT/RDO N/A |
| THIS SECTION FOR VISITOR ONLY | NAME LAST N/A | FIRST N/A | MIDDLE | DOB N/A | OCCUPATION N/A |
| | HOME ADDRESS N/A | CITY N/A | STATE | ZIP | HOME PHONE N/A |

| PLACE OF OCCURRENCE B-Gym | DATE/TIME OF OCCURRENCE 4/2/17 @ 1959 | NAME OF WITNESS(ES) Custody |
|---|---|---|

| TIME NOTIFIED 2055 | TIME SEEN 2001 | ESCORTED BY B GYM | MODE OF ARRIVAL (circle) AMBULATORY / LITTER / ON SITE | WHEELCHAIR | AGE 55 yrs | RACE BLK | SEX MALE |
|---|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" I cant move my legs "          * UR- J Pead seg form completed

| INJURIES FOUND?   YES / NO | | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Swollen Area | 16 | |
| Other | 17 | |
| | 18 | |
| | 19 | |

Ø injury   Ø injury   Ø injury

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | P/N  P/N  P/N |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| RN NOTIFIED @ 2055 | N/A |

| TIME/DISPOSITION |
|---|
| 2018 RTC |

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| LVN Surgeon LVN | N/A | Wed Thurs |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)       DISTRIBUTION    ORIGINAL - Custom    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator (only work related injury)

PAGE #3

STATE OF CALIFORNIA     DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| SVSP | B Yard | USE OF FORCE   INJURY | | PRE AD-SEG ADMISSION | 4/2/17 |
| | | FIRST   UNUSUAL OCCURRENCE | | | |

| THIS SECTION FOR INMATE ONLY | NAME | LAST N/A | FIRST | CDC NUMBER N/A | HOUSING LOC. N/A | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME | LAST Manscal | FIRST | BADGE # 70170 | RANK/CLASS CO | ASSIGNMENT/RDOs FRISat |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST N/A | FIRST   MIDDLE | DOB N/A | OCCUPATION N/A | |
| | HOME ADDRESS N/A | | CITY   STATE | ZIP | HOME PHONE N/A | |

| PLACE OF OCCURRENCE B Gym | DATE/TIME OF OCCURRENCE 4/2/17 @ 1956 | NAME OF WITNESS(ES) CO Ponce | | | | | |
|---|---|---|---|---|---|---|---|
| TIME NOTIFIED 2030 | TIME SEEN 2032 | ESCORTED BY Self | MODE OF ARRIVAL (circle) AMBULATORY   LITTER   ON SITE | WHEELCHAIR | AGE 36 | RACE mex | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" Throbbing pain @ wrist. Hear a popping sound."

| INJURIES FOUND? | YES/NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | | 7 |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| O.C. Spray Area | | 10 |
| Pain | | (11) |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | (14) |
| Skin Flap | | 15 |
| Swollen Area | | 16 |
| Other | | 17 |
| | | 18 |
| | | 19 |

11, 14

PAGE # (A)

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | N/A |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME RN Michael 2034 | PHYSICIAN NOTIFIED/TIME N/A |
|---|---|

TIME/DISPOSITION

RTW 4/2/17 @ 2040

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) E. Kaufmann, LVN   EKaufmann | BADGE # | RDOs Wed/ Thu |
|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)   DISTRIBUTION   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator (only work related injury)

State of California

Youth and Adult Correctional Agency

# Memorandum

Date : February 17, 2004

To : All California Department of Corrections Employees

Subject: ZERO TOLERANCE REGARDING THE "CODE OF SILENCE"

The California Department of Corrections (CDC) is only as strong as the values held by each of its employees, sworn and non-sworn. How we conduct ourselves inside our institutions and in the Central Office is a reflection of those values.

The "Code of Silence" operates to conceal wrongdoing. One employee, operating alone, can foster a Code of Silence. The Code of Silence also arises because of a conspiracy among staff to fail to report violations of policy, or to retaliate against those employees who report wrongdoing. Fostering the Code of Silence includes the failure to act when there is an ethical and professional obligation to do so.

Every time a correctional employee decides not to report wrongdoing, he or she harms our Department and each one of us by violating the public's trust. As members of law enforcement, all Correctional Officers must remain beyond reproach. The public's trust in this Department is also violated by retaliating against, ostracizing, or in anyway undermining those employees who report wrongdoing and/or cooperate during investigations. There is no excuse for fostering a Code of Silence.

Your hard fought efforts to protect the public deserve recognition. Recently, however, the public's trust has been undermined by the operation of a Code of Silence within the CDC. To correct this problem we are taking steps to ensure the Department exemplifies integrity and instills pride. Part of this effort is the immediate implementation of a zero tolerance policy concerning the Code of Silence. We will not tolerate any form of silence as it pertains to misconduct, unethical, or illegal behavior. We also will not tolerate any form of reprisal against employees who report misconduct or unethical behavior, including their stigmatization or isolation.

Each employee is responsible for reporting conduct that violates Department policy. Each supervisor and manager is responsible for creating an environment conducive to these goals. Supervisors are responsible for acquiring information and immediately conveying it to managers. Managers are responsible for taking all appropriate steps upon receipt of such information, including initiating investigations and promptly disciplining all employees who violate departmental policy.

Any employee, regardless of rank, sworn or non-sworn, who fails to report violations of policy or who acts in a manner that fosters the Code of Silence, shall be subject to discipline up to and including termination.

RICHARD RIMMER
Director (A)
California Department of Corrections

RODERICK Q. HICKMAN
Agency Secretary
Youth and Adult Correctional Agency

EXHIBIT F



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Date:**  SEP 2 5 2017

**To:**  LEES, ALEXANDER (E13832)
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

*E X H.B. D*
*7- Documents*
*x*
*2 Double Sided*

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   SVSP SC 17001796

This Staff Complaint appeal was reviewed by Health Care Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

**DIRECTOR'S LEVEL DECISION:**

Appeal is denied. This decision exhausts your administrative remedies.

**APPEAL ISSUES:**

Refer to the attached CDCR 602 HC, Patient-Inmate Health Care Appeal, and CDCR 602-A, Inmate/Parolee Appeal Form Attachment, dated April 4, 2017, for full details regarding your issue(s).

You are requesting:
- The immediate termination of LVN Singsong.
- Full compensation for pain and suffering.

**BASIS FOR DIRECTOR'S LEVEL DECISION:**

Your health care appeal was deemed a staff complaint by the institutions hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents, and your health care appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules, and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates, or the public.

Your complaint was referred for a Staff Complaint Inquiry. The supervisor's inquiry into the matter concluded staff did not violate California Department of Corrections and Rehabilitation (CDCR) policy. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on May 12, 2017, and LVN Singson was interviewed on May 8, 2017. Your health record was reviewed. The content of the inquiry supported the conclusion determined.



A.LEES, E13832
SVSP SC 17001796
Page 2 of 2

It is not in the purview of appellants to request specific action to be taken in regard to the conduct of the staff complaint inquiry or in regard to disciplinary action against staff. California Code of Regulations, Title 15, Section 3084.9(i) and Department Operations Manual specify the requirements necessary to conduct a staff complaint inquiry. Further, any personnel action taken against staff is confidential and will not be shared with inmates, staff, or the public.

Monetary compensation is outside the jurisdiction of the health care appeals process.

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed in accordance with CDCR Policy and the California Code of Regulations, Title 15.

## RULES AND REGULATIONS:

The rules governing these issues are:  California Code of Regulations, Title 15, Section 3001, 3004, 3084.1, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual, Section 31140.14; and Inmate Medical Services Policies and Procedures.

## ORDER:

No changes or modifications are required by the institution.

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

---

**CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES**



P.O. Box 588500
Elk Grove, CA 95758

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT-INMATE HEALTH CARE APPEAL**                                                            Page 1 of 2
CDCR 602 HC (REV. 6/13)

| STAFF USE ONLY | | Institution: | Log #: | Category: |
|---|---|---|---|---|
| Emergency Appeal ☐ Yes ☐ No | | SVSP SC | 1900 1796 | Medical |
| Signature: | Date: | FOR STAFF USE ONLY | | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                        **WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): | CDCR Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Lee's Alexander | E 13832 | 29-107 | |

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.): _____

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): _____

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A): _____

*SEE ATTACHED CDC 1824/602*

☐ Supporting Documents: Refer to CCR 3084.3.
List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.) _____

☐ No, I have not attached any supporting documents. Reason: _____

Patient-Inmate Signature: _____ Date Submitted: _____
☐ By placing my initials in this box, I waive my right to receive an interview.

| SECTION C: FIRST LEVEL - Staff Use Only | Check One: Is CDCR 602-A attached? | ☐ Yes ☐ No |
|---|---|---|
| | Check One: Is this a recategorized/converted 1824? | ☐ Yes ☐ No |

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction): Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter): Date: _____
☐ Accepted Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in part ☑ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☐ Yes ☐ No | |
|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: _____ | Title: _____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: _____ | Date completed: _____ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached | | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | Reviewer: _____ | Title: _____ |
| 4. Comments: TABE = 10.9 | | | (Print Name) | |
| | | | Signature: _____ | |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: _____ | Date closed and mailed/delivered to appellant: _____ |

*[Stamp: Received JAN 13 2017 SVSP Health Care Appeals]*

*Split appeal w/ 1824 to 1824 to address custody issue.*

*[Stamp: Complete MAY 23 2017 SVSP Health Care Appeals]*

*[Stamp: RECEIVED I CAB JUL 03 2017 HC APPEALS]*

PER. P.C
E. O. CR 7713   3391.

STATE OF CALIFORNIA                                         DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT/INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 04/11)                                                                        Side 1

| STAFF USE ONLY | Institution: | Log #: | Category: |
|---|---|---|---|
| Emergency Appeal ☐Yes ☐No | SVSPSO 1900 1796 | Medical |
| Signature: _____ Date: _____ | FOR STAFF USE ONLY | |

You may appeal any California Prison Health Care Services (CPHCS) decision, action, condition, omission, policy or regulation that has a material
adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any
supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that lead to the filing of this appeal. If
additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No
reprisals will be taken for using the appeal process. ·

Appeal is subject to rejection if one row of text per line is exceeded.                    **WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): Lee's            A. | CDC Number: E-13832 | Unit/Cell Number: 27-109 | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
_Deliberate indifference to life, limb and safety of Persons_

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): _On 4/2/17 I_
_begged L.V.N Singson to treat me for leg cramps_
_and lower back spasm, if L.V.N Singson was_
_Told by Dr. "He's faking." We don't need_

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): _The immediate_
_firing of L.V.N Singson, reported to Dec. I.G.I_
_for immediate investigation and full_
_compensation for pain and suffering._

☐ Supporting Documents: Refer to CCR 3084.3.

List supporting documents attached (e.g. Trust Account Statement; CDCR 7410, Comprehensive
Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

☑ No, I have not attached any supporting documents. Reason: _Obtaining from_
_I.S.U and Medical_

| Patient/Inmate Signature: _____ | Date Submitted: 4/4/17 |
|---|---|
| ☐ By placing my initials in this box, I waive my right to receive an interview. |

*[Stamps: RECEIVED I CAB JUL 0 3 2017 HC APPEALS; Received N 1-3 2017 Y SVSP Health Care Appeals; COMPLETED HCCAB SEP 2 5 2017]*

---

**C. First Level - Staff Use Only**                        Staff – Check One: Is CDCR 602-A Attached? ☐Yes ☐No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) :  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter):                  Date: _____
☐ Accepted at the First Level of Review
      Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
            Date of Interview: _____                    Interview Location: _____
Your appeal issue is:  ☐Granted  ☐Granted in part  ☐Denied   ☐Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)
Reviewer: _____ Title: _____ Signature: _____
            (Print Name)
Date received by HCAC: _____

| HCAC Use Only |
|---|
| Date mailed/delivered to appellant: __/__/__ |



STATE OF CALIFORNIA
**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (Rev. 06/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**SECTION D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Patient-Inmate Signature: _____   Date Submitted: _____

| **SECTION E. SECOND LEVEL – Staff Use Only** | Check One: Is CDCR 602-A attached? | ☐ Yes ☐ No |
|---|---|---|

This appeal has been:                    Check One: Is this a recategorized/converted 1824?   ☐ Yes ☐ No
☐ Bypassed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter):   Date: _____
☒ Accepted   Assigned to: _____ CME _____   Title: _____ Date Assigned: _____ Date Due: 5/24/17

Second Level Responder: Complete a Second Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 5/3/19    Interview Location: _____

Your appeal issue is: ☐ Granted ☒ Granted in part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☒ Yes ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: _____ SRN# _____ Title: _____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: _____ Date completed: 5/19/2017 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | Reviewer: A. Nelson Title: CMB |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | (Print Name) |
| 4.Comments: TABE =10.9 | | | Signature: _____ |

HCAC Use Only
Date received by HCAC: _____

HCAC Use Only
Date closed and mailed/delivered to appellant: 5/23/19

**SECTION F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section F of the CDCR 602-A.

Patient-Inmate Signature: _____   Date Submitted: _____

| **SECTION G. THIRD LEVEL – Staff Use Only** |
|---|

☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter):   Date: _____
☒ Accepted at the Third Level of Review
Your appeal is: ☐ Granted ☐ Granted in part ☒ Denied ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date closed and mailed/delivered to appellant: SEP 2 5 2017

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Patient-Inmate Signature: _____   Date Submitted: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

COMPLETED
HCCAB
SEP 2 5 2017

8

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT/INMATE APPEAL**
Side 2
CDCR 602 HC (REV. 04/11)

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____
_____
_____

Patient/Inmate Signature: _____   Date Submitted:_____

---

**E. Second Level - Staff Use Only**        Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes  ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter):   Date: _____

☐ Accepted at the Second Level of Review

   Assigned to: _____   Title: _____   Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. Include interviewer's name, title, interview date, location, and complete the section below.

   Date of Interview: _____   Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in part ☐ Denied        ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section D.

Interviewer: _____   Title: _____   Signature: _____   Date completed: _____
         (Print Name)

Reviewer: _____   Title: _____   Signature: _____
         (Print Name)

|  | HCAC Use Only |
| Date received by HCAC:_____ | Date mailed/delivered to appellant: ___/___/___ |

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Office of Third Level Appeals – Health Care, California Prison Health Care Services, P.O. Box 4038, 660 Suite 400, Sacramento, CA 95812-4038. If you need more space, use Section F of the CDCR 602-A.

*Under color of state law, L.V.N Lingaong goes under the "Green wall of silence" Falsifyed state documents. Never lather to M. Goldmen intered any form or fashion of treatment. Dropped cardures and became a co-conspirator to fraud and violence*

Patient/Inmate Signature: _____   Date Submitted: _5/13/12 17_

---

**G. Third Level - Staff Use Only**

☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter):   Date: _____

☐ Accepted at the Third Level of Review
   Your appeal is   ☐ Granted   ☐ Granted in part ☐ Denied        ☐ Other: _____

   See attached Third Level response.

|  | Third Level Use Only |
|  | Date mailed/delivered to appellant: ___/___/___ |

---

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Patient/Inmate Signature: _____   Date Submitted: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date: AUG 1 5 2017

In re: Alexander Lees, E13832
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

TLR Case No.: 1705825          Local Log No.: SVSP-17-01800

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner H. Liu, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that Salinas Valley State Prison (SVSP) staff were malicious, callous, and deliberately indifferent when they assaulted him. The appellant alleges on April 2, 2017, Correctional Officers O. Ponce, J. Mariscal, and K. Hogeland conspired to commit harm to him, and falsified state document to maliciously prosecute him. The appellant alleges the aforementioned Officers kicked him; slammed him to the ground on his face. His elbows, arms, and wrist were bent, stepped on, and twisted, inflicting cruel and unusual punishment to him. He further alleges staff were deliberately indifferent to his health and safety.

The appellant requests the "IAD" be notified for an investigation into the aforementioned Officers, Correctional Sergeant Guitterez, and Correctional Lieutenant Martinez; Officers submit to polygraph examination; cease all of the disciplinary actions against the incident; he be transferred to an institution of his choice; staff be terminated upon substantiating culpability of any infraction; supervising staff be demoted; and be awarded punitive and compensatory damages.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

ALEXANDER LEES, E13832
CASE NO. 1705825
PAGE 2

The appellant has added new issues and requests to his appeal.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3004, 3005, 3084.1, 3268, 3270, 3380, 3391

**C.   ORDER:**  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


H. LIU, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, PBSP
        Appeals Coordinator, PBSP
        Appeals Coordinator, SVSP

Template Date 4/4/2012
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date :  April 25, 2017

To :  Lees, E13832
B5-222
Salinas Valley State Prison

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-L-17-001800, *SECOND* LEVEL RESPONSE**

APPEAL ISSUE: Appellant contends that he was kicked, beaten and slammed to the ground by Officers J. Mariscal, K. Hogeland and O. Ponce, on April 2, 2017, in the Facility B Gym when he told staff that his legs were cramping and he wanted to go to Medical.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is: Being processed as an Appeal Inquiry.

The appellant alleges on April 2, 2017, he was kicked, beaten and slammed to the ground by Officers J. Mariscal, K. Hogeland and O. Ponce in the Facility B Gym when he told them that his legs were cramping and he wanted to go to Medical.

**INTERVIEW/EFFECTIVE COMMUNICATION**:
A review of the Test of Adult Basic Education (TABE) list reveals the appellant has a Reading Grade Point Level above 4.0 and the Disability and Effective Communication System (DECS) reveals the appellant does not have a physical impairment that would limit effective communication. Therefore, the appellant did not require special accommodation to achieve effective communication and interactions with the interviewer convinced the interviewer that the appellant understood the issues of the appeal.

**Your appeal is PARTIALLY GRANTED in that: The <u>Appeal inquiry</u> has been complete and all issues has been reviewed and were adequately addressed.**

The following witnesses were interviewed: Correctional Officer's J. Masical; K. Hogeland; O. Ponce; Licensed Vocational Nurse I. Singson; and Inmate Gray, F37014, (B5-202). The following information was reviewed as a result of your allegations of staff misconduct: Appeal log number SVSP-L-17-01800; Incident SVSP-FBG-17-04-0225; Video Taped Interviews completed on April 15, 2017, with Inmates Lees and Gray. Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: LT. J. Stevenson _____ Sign: _____ Date: 4-25-2017
     Interviewer

Print: R. Binkele CDW (A) _____ Sign: _____ Date: 5-22-17
     Reviewing Authority

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
*SVSP-L-17-01800*

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
| --- | --- | --- |
| *ALEXANDER LEE* | | *4/20/17* |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER   DATE SIGNED |
| *A LEE* | | *E-13832   4/20/17* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| *J. STEVENSON* | | *4-20-2017* |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

1705825

E13832

Institution/Parole Region: SVSP-L-17-01800 ✓

Category: 7 misuse of force

*FOR STAFF USE ONLY*

Yo___ ___s and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material
adv___ ___. no other prescribed method of departmental review/remedy available. See California Code of
Reg___ ___, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar
days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A can be accepted. Refer to CCR 3084 for
further guidance with the appeal process. No reprisals may be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Leca A. | CDC Number: T-13832 | Unit/Cell Number: 29-105 | Assignment: O |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Malicious Calous. DELIBERATE INDIFFERENCE. ASSAULT of ANY PERSON

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 4/2/17 AN
ASSAULT AND BATTERY for p/ACE ON ANY PERSON BY Police.
MARiscAl AND ONE Hoaquin ALL ENTERED INTO A CONSPiRACy
to commit HARm to my PERSON. And FAlsiFy STATE

B. Action requested (If you need more space, use Section B of the CDCR 602-A): IMMEDiATE
NOTiFICATiON OF SAC. I.A.N. FOR ImmEDiATE INVESTiGATION
OF C/O? POLICE. MARiScAl. AND HOAquiN. And thiER supervisoRS
Sgt. GuTiERREZ Lt. MARTinEZ. THAT "unDRAGO Polygraph

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____     _____
_____     _____

☑ No, I have not attached any supporting documents. Reason: OBTAiNING FROM
mEDiCAl AND I.S.U

_____

Inmate/Parolee Signature: _____A.L.____     Date Submitted: 4/4/17          RECD APR 10 2017

☐ **By placing my initials in this box, I waive my right to receive an interview.**

*(right margin handwritten notes)*
4/2/17
beaten kicked
slammed
to ground
on
O force

C/O Police
4/O Mariscal

BS → 29
4/2/17

**C. First Level - Staff Use Only**                     Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.                     **REC BY OOA**
   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete MAY 31 section belo...

   Date of Interview: _____     Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
            See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name) Title: _____ Signature: _____     Date completed: **REC BY OOA**
Reviewer: _____ (Print Name) Title: _____ Signature: _____
Date received by AC: _____                     **AUG 20 2017**

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___/___/___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted : _____

**E. Second Level - Staff Use Only**      Staff – Check One:  Is CDCR 602-A Attached? ☑ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review
Assigned to: *J. Stevenson*   Title: *LT*   Date Assigned: *4/18*   Date Due: *5/24*

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: *4-20-2017*          Interview Location: *Z9, ASU, 567 Office*

Your appeal issue is:  ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: *J. Stevenson*   Title: *LT*   Signature: *(signature)*   Date completed *4-25-2017*
    (Print Name)
Reviewer: *R. Binaca*   Title: *CDWA*   Signature: *(signature)*
    (Print Name)
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant _____

**F. If you are dissatisfied with the Second Level response,** explain reason below, attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

*Under color of state law. S.V.S.P. Chooses to under the Green Wall of silence, shield, protect a C/O with multiple. Tom assault and batteries. And Malerious activities. Did willfully wrongfully. With malicious Deliberate indifference. Inflict cruel and unusual Punishment on my person. Hand cuffed* 

Inmate/Parolee Signature: *(signature)*   Date Submitted: *5/25/2017*

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☑ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☑ Denied  ☐ Other: *AUG 30 2017*
    See attached Third Level response.

Third Level Use Only    AUG 16 2017
Date mailed/delivered to appellant _____/_____/_____

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____
_____

_____   Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

PEN.C.C. 001.3
C.D.C.R.S#115

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1705825 | SVSP-L-17-01800 | | 7 |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Leon | 813832 | Z9-109 | |

A. **Continuation of CDCR 602, Section A only (Explain your issue):** documents to have
complaint maliciously Prosecuted.
        On 4/2/17. Complainant was BEATEN
Kicked, SLAMMED to THE ground on his face. Elbows
Arms wrists, bent STEPPED, twisted on by the
fore mentioned c/os Ponce. Mariscal, Aoagui. Inflicting
of Cruel and Unsual Punishment With Diliberate
indifference to complainants Health and
safety.

Inmate/Parolee Signature: _____   Date Submitted:
4/4/17

B. **Continuation of CDCR 602, Section B only (Action requested):** That Any disciplenary generated
From this incident BE immediately stopped! Dropped. That
complainant BE immediately Transfered to Institution of Choice. Upon
culpulbility of any infraction. c/os Fired. Supervisors demoted.
        Complainant Recieve Punitive And Compensatory
damages.

REC BY OOA

AUG 20 2017

REC BY OOA

MAY 3 1 2017

Inmate/Parolee Signature: _____   Date Submitted: 4/4/17

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. **Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

Inmate/Parolee Signature: _____     Date Submitted: _____

F. **Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** cuffed behind my back. Having a permanent "Alternative" restraint chrono. Behind the "Green Wall" With malice assault and batter my person. Failing to uphold my U.S. Constitutional Rights to be free from Cruel and Unusual Punishment. Inflicting Pain and suffering.

Inmate/Parolee Signature: _____     Date Submitted: 5/28/217