UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEES,<br><br>Plaintiff,<br><br>v.<br><br>SINGSONG, et al.,<br><br>Defendants. | Case No. 19-cv-01603-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT; RESETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 22 |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that took place at Salinas Valley State Prison ("SVSP"). His second amended complaint (Dkt. No. 22) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Procedural History**

The amended complaint's allegation that Defendant Hogeland beat, kicked, and pummeled him into unconsciousness stated a cognizable claim for excessive use of force in violation of the Eighth Amendment. The Court dismissed with leave to amend the amended complaint's claim that Defendants Mariscal, Singsong, Ponce, and Hogeland were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. Dkt. No. 16.

**C.     Second Amended Complaint**

The second amended complaint makes the following allegations.

On April 2, 2017, while incarcerated at SVSP B-Facility, Plaintiff was attacked and beaten by another inmate. In response to the attack, prison officials activated an all-code-call-arms which requires all designated officers and medical personnel to respond to the incident. Dkt. No. 22 at 7. That day, Defendant Singsong was assigned to respond to alarms on B-Facility and provide medical attention. However, Defendant Singsong did not respond to the incident. Dkt No. 22 at 7.

The prison officer who responded to the attack was Defendant Mariscal. Defendant Mariscal immediately ordered Plaintiff to get down on the ground. Plaintiff was in severe pain from the attack, but he complied with the order and proned out. Dkt. No. 22 at 7. Defendant

2

Mariscal cuffed Plaintiff behind his back, despite Plaintiff informing Defendant Mariscal that he had a special cuffing chrono and asking to not be cuffed behind his back. Plaintiff cried out from the pain of this cuffing and begged for medical attention but was ignored by Defendants Mariscal, Hogeland, and Ponce. Plaintiff did not see any medical personnel around. Plaintiff tried to sit up when instructed to do so, but it caused his lower back and legs to cramp. Dkt. No. 22 at 8. Plaintiff complained of the excruciating pain from both the initial attack and the cuffing and again asked for medical attention. Defendant Mariscal forcefully pulled Plaintiff off the floor, causing severe pain, and told him, "You want medical? Then walk." Plaintiff was made to walk towards medical despite severe cramping in his legs and lower back. Approximately thirty to forty yards from medical, Plaintiff fell to the ground due to his legs cramping and back spasms, and lost consciousness. Dkt. No. 22 at 9.

Plaintiff awoke in B Facility Medical, and found himself surrounded by defendants Mariscal, Hogeland, Ponce and Singsong. Dkt. No. 22 at 9. Plaintiff asked Defendant Singsong for medical attention, but Defendant Singsong ignored him. Defendant Singsong did not examine or question him regarding his allegations of severe pain, as required by law. Defendant Singsong failed to properly report Plaintiff's injuries are required by departmental regulations. Defendant Singsong incorrectly deemed Plaintiff's injuries as minor and disregarded his constant pleas for aid. Defendants Mariscal, Hogeland and Ponce denied Plaintiff medical care when they failed to follow state regulations regarding inmate injuries and healthcare administration. Dkt. No. 22 at 10-11.

After Plaintiff begged Defendant Singsong for medical care, Defendant Hogeland screamed at Plaintiff to get up, told Defendant Singsong that Plaintiff was faking it, and picked Plaintiff and threw him into a wheelchair. Plaintiff asked Defendant Singsong for help, but Defendants Mariscal, Hogeland and Ponce wheeled him out to B-facility gym to be placed in a holding cage. Defendant Hogeland ordered Plaintiff to enter the small holding cell despite Plaintiff's protestations that he suffered from claustrophobia and was suffering from overwhelmingly painful back spasms and leg cramps. Defendant Hogeland ordered Defendant Singsong to leave the gym, and then snatched Plaintiff up from the wheelchair, threw him to the

3

floor, and proceeded to beat, pummel, and kick Plaintiff. Defendants Mariscal and Ponce joined in on the assault. Plaintiff was cuffed and restrained at the time of the assault. Plaintiff lost consciousness from the assault. Dkt. No. 22 at 11-14.

To cover up the April 2, 2017 assault, Defendants Hogeland, Mariscal, Ponce and Singsong falsified injury reports and falsely accused Plaintiff of assaulting staff members. Dkt. No. 22 at 14.

**C.     Legal Claims**

The second amended complaint's allegation that defendants Hogeland, Mariscal, and Ponce beat Plaintiff into unconsciousness while he was restrained and controlled states a cognizable claim for use of excessive force in violation of the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment protects prisoners from force used maliciously and sadistically for the purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Liberally construed, the second amended complaint's allegation that Defendant Singsong ignored Plaintiff's request for medical help states a cognizable claim for deliberate indifference to Plaintiff's serious medical needs. However, Defendant Singsong's failure to follow prison regulations in reporting or addressing Plaintiff's injuries does not state a cognizable Eighth Amendment claim. "Deliberate indifference" to a prisoner's serious medical needs involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*,

4

974 F.2d at 1060. The gravamen of an Eighth Amendment claim is whether the defendant took reasonable steps to abate the substantial risk of serious harm, not whether prison regulations were followed. The second amended complaint also fails to state a cognizable claim for deliberate indifference to Plaintiff's serious medical needs against defendants Hogeland, Mariscal, and Ponce. According to the second amended complaint, when Plaintiff requested medical assistance following the assault by the inmate, he was taken to medical. That he was made to walk despite excruciating pain from leg cramps fails to state a cognizable Eighth Amendment claim. It cannot be reasonably inferred from the factual allegations that Plaintiff faced a substantial risk of serious harm from pain caused by leg cramps and back spasms. The second amended complaint's Eighth Amendment claims regarding Defendant Singsong's failure to follow prison regulations and regarding Defendants Hogeland, Mariscal, and Ponce forcing Plaintiff to walk to medical are DISMISSED with prejudice because granting leave to amend would be futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (in determining whether amendment would be futile, court examines whether amending complaint could cure defects requiring dismissal without contradicting allegations in original complaint).

Liberally construed, the second amended complaint's allegation that Defendants Hogeland, Mariscal, Ponce, and Singsong conspired to cover up the April 2, 2017 beating by falsifying injury reports and falsely accusing Plaintiff of assaulting staff members states a cognizable due process claim.[1]

The second amended complaint's allegations that Defendants acted unconstitutionally when they failed to follow state regulations, i.e. that Defendant Singsong failed to report

---

[1] The Ninth Circuit has not directly addressed whether being falsely or wrongly accused of conduct violates an inmate's federal due process rights. Other circuits, however, have held that, generally speaking, allegations of a fabricated charge fail to state a claim under § 1983. *See, e.g., Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (inmate's claims based on the falsity of the charges did not, standing alone, state constitutional claims); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (inmate has "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest;" only has right to not "be deprived of a protected liberty interest without due process of law"); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (allegation that prison guard planted false evidence implicating inmate in disciplinary infraction fails to state cognizable due process claim where procedural due process protections were afforded). Because Ninth Circuit law in this area is unsettled, the Court will not dismiss this claim at the screening stage.

5

Plaintiff's injuries as required by state regulations and failed to respond to B-Facility upon the all-code-calls-alarm being dispatched, and that Defendants failed to fulfill a duty of care of Plaintiff, do not state cognizable constitutional claims. The failure to follow state regulations, without more, does not state a cognizable Section 1983 claim. *See, e.g.*, *West*, 487 U.S. at 48 (Section 1983 claim must allege violation of right secured by federal Constitution or federal laws). State laws do not create rights protected by the federal Due Process Clause unless "the state law contains (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *See James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010) (internal quotation marks and citation omitted). The second amended complaint's allegations that Defendants failed to follow state regulations are DISMISSED with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The second amended complaint states the following cognizable claims: (1) Defendants Hogeland, Mariscal, and Ponce used excessive force on Plaintiff in violation of the Eighth Amendment; (2) Defendant Singsong was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment; and (3) Defendants Hogeland, Mariscal, Ponce, and Singsong falsified injury reports and falsely accused Plaintiff of assaulting staff members, in violation of the Due Process Clause.

2. The following claims are DISMISSED with prejudice: Defendant Singsong failed to follow prison regulations regarding reporting or addressing Plaintiff's injuries; Defendants Hogeland, Mariscal, and Ponce were deliberately indifferent to Plaintiff's serious medical needs; Defendant Singsong failed to respond to B-Facility upon the all-code-calls-alarm being dispatched; Defendants Hogeland, Mariscal, and Ponce failed to fulfill a duty of care to Plaintiff by keeping Plaintiff from hurting himself; and Defendants failed to follow state regulations.

6

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint with all attachments thereto (Dkt. No. 22), and a copy of this order upon defendants Officer Mariscal, Officer Ponce and LVN Singsong at Salinas Valley State Prison, 31625 Highway 101, Soledad CA 93960. Defendant Hogeland has already been served and has appeared in this action.

4. The Court sets the following briefing schedule. No later than 91 days from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 5/13/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge