UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEES,<br><br>   Plaintiff,<br><br> v.<br><br>SINGSONG, et al.,<br><br>   Defendants. | Case No. 19-cv-01603-HSG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF AND OTHER MISCELLANEOUS RELIEF; ORDERING E-SERVICE OF CERTAIN DEFENDANTS**<br><br>Re: Dkt. No. 32 |

   Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that took place at Salinas Valley State Prison ("SVSP"). On May 13, 2021, the Court screened the operative complaint and found that it stated cognizable claims against SVSP staff Ponce, Mariscal, Singsong, and Hogeland, and set a briefing schedule. As of the date of this order, only defendant Hogeland has been served, and defendant Hogeland's dispositive motion is due on November 10, 2021. Dkt. Nos. 28, 30, 31. Now pending before the Court is Plaintiff's request for immediate injunctive relief and other miscellaneous relief, Dkt. No. 32. Defendant Hogeland has filed an opposition, Dkt. No. 33. For the reasons set forth below, Plaintiff's request for immediate injunctive relief and other miscellaneous relief is DENIED, and the Court orders that service on defendants Ponce, Mariscal and Singsong proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody.

//

//

//

**DISCUSSION**

I.  **Plaintiff's Motion for Immediate Injunctive Relief and other Miscellaneous Relief (Dkt. No. 32)**

Plaintiff has filed a motion titled "Request for Immediate Injunctive Relief, Denial of Access to Copy Machine, Lost, Destroyed Documents, Retaliation under Color of Law, Appointment to Alternative (Resolution) Dispute: Pro Bono Program." Dkt. No. 32. In this motion, Plaintiff complains that since filing this action, prison officials have retaliated against him by falsely accusing him of misconduct and punishing him the alleged misconduct; he has only been allowed to access the law library three times since the Court set the dispositive motion deadline; he is forced to send copies to the law library via United States mail; he has not had his discovery requests returned; he has had to beg for legal assistance; he is missing his case files after being sent to administrative segregation; he is being harassed by SVSP sergeants Day and Uribe; and he fears for his life due to SVSP sergeants Day and Uribe's actions. Dkt. No. 32. He requests that the Court order the following relief: that the library technician deliver, pick up, and return copies directly to him; that Salinas Valley Prison staff provide him a copy of his amended complaint, the rules violation report and packet dated April 2, 2017, and all documents related to this action; that SVSP sergeants Day and Uribe be ordered to stay fifty feet away from Plaintiff; that the case be referred to the alternative dispute resolution pro bono program so that Plaintiff may receive legal assistance; and that a copy of his motion be forwarded to Defendant Hogeland's counsel. Dkt. No. 32.

Plaintiff's motion for miscellaneous relief is DENIED for the following reasons. Dkt. No. 32.

Petitioner's requests that the Court order the library technician, sergeants Day and Uribe, and SVSP to take, or not take, certain actions are DENIED as outside the scope of this action. The only defendant served in this action is SVSP officer Hogeland. The Court has no jurisdiction over any other SVSP individual at this time, and therefore cannot order relief related to any other SVSP correctional officials, including the library technician and sergeants Day and Uribe. Moreover, Plaintiff's allegations of wrongdoing by SVSP sergeants Day and Uribe and retaliation after filing

2

this complaint are outside the scope of this action.  To the extent that Plaintiff seeks prison documents relevant to this action, he must seek these documents via the discovery process, by serving discovery requests on defendant Hogeland or by serving a subpoena upon third parties.

   Plaintiff's request for referral to the "alternative dispute resolution pro bono program" is DENIED as premature.  The Court has a pro se prisoner mediation program wherein Magistrate Judge Illman oversees settlement discussions where both parties believe that they can reach a settlement.  Here, only one defendant has been served and defendant Hogeland has not indicated any interest in settlement proceedings.  It would be premature to send defendant Hogeland and Plaintiff to a settlement conference when defendant Hogeland and Plaintiff could not resolve all the claims in this action, and would be a waste of resources to send the parties to settlement when one party has not indicated an interest in settlement.  To the extent that this request is a request for appointment of counsel, that request is DENIED.  "Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman*, 390 F.3d at 1103.  Both factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*  At this initial stage, the likelihood of Plaintiff's success on the merits is uncertain; Plaintiff has ably articulated his claims *pro se* so far; and the legal issues do not appear unduly complex.  Plaintiff has failed to demonstrate exceptional circumstances that would require appointment of counsel.

   If Petitioner wishes to seek relief related to the alleged retaliatory acts or related to alleged misconduct by sergeants Day and Uribe, he must bring these claims in a separate action.  The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form.

   The Court requests that prison officials assist Plaintiff in accessing the law library and making the necessary copies to effectively litigate.

3

**II.     Ordering E-Service of Defendants Ponce, Mariscal, and Singsong**

The Court has previously ordered that defendants SVSP officers Mariscal, Ponce, and Singsong be served.  The Court now orders that service proceed on these defendants under the CDCR's e-service program as specified below.

## CONCLUSION

For the reasons set forth above, the Court orders as follows

1.     The Court ORDERS that service on defendants SVSP officers Mariscal, Ponce, and Singing shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 22), the May 13, 2021 Order of Service (Dkt. No. 26), a copy of this order, and a CDCR Report of E-Service Waiver form and a summons.  The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.     The Court resets the briefing schedule for all defendants, including defendant Hogeland, as follows.  No later than 91 days from the date of this order, Defendants must file and

4

serve a motion for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.  Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

3. The Court DENIES Plaintiff's request for immediate injunctive and other miscellaneous relief.  Dkt. No. 32.

4. The Clerk is ordered to send Plaintiff two copies of the court's civil rights complaint form.

5. The Clerk is directed to send a courtesy copy of this order to the Salinas Valley State Prison litigation coordinator.  The Court requests that the SVSP litigation coordinator assist Plaintiff in accessing the law library and making needed copies.

This order terminates Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: 10/12/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge