UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEES,<br><br>        Plaintiff,<br><br>    v.<br><br>SINGSONG, et al.,<br><br>        Defendants. | Case No. 19-cv-01603-HSG<br><br>**ORDER TO FILE AND SERVE STATEMENT OF DEATH** |

Defendants have filed, under seal, a Report of E-Service Waiver indicating that defendant Singsong is deceased. To maintain this action against defendant Singsong, Plaintiff must take the actions detailed below.

**DISCUSSION**

**I.    Claims Against Defendant Singsong**

The operative complaint states a cognizable Eighth Amendment claim and a cognizable due process claim against defendant Singsong. Plaintiff seeks declaratory relief, a preliminary and permanent injunction ordering all disciplinary actions stemming from the relevant incident be expunged from his central file and ordering the cessation of physical violence and threats directed at him; and compensatory and punitive damages. *See generally* Dkt. Nos. 22, 26.

The law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Carlson v. Green*, 446 U.S. 14, 24 (1980) (cause of action for Eighth Amendment violation survives the death of a party); *Robertson v. Wegmann*, 436 U.S. 584, 592-95 (1978). Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code

§ 377.20(a).  "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40.  Plaintiff's claim for punitive damages is extinguished by defendant Singsong's death, *see* Cal. Code Civ. Proc. § 377.42, but the remaining claims survive.

**II.     Ordering Defendants to File and Serve Suggestion of Death**

The Court is mindful of the limitations posed by Plaintiff's *pro se* and incarcerated status.  Accordingly, the Court ORDERS Defendants to file in the record a statement or suggestion of death of defendant Singsong and serve it upon Plaintiff in the manner indicated by Federal Rule of Civil Procedure 25(a)(3).  Defendants are also required to serve the statement or suggestion of death on non-party successors or representatives of defendant Singsong "in the manner provided by Rule 4 for the service of a summons."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The statement or suggestion of death shall include the names and contact information for Singsong's non-party successors or representatives, and shall identify the county where defendant Singsong's estate is being administered.  Service of the statement or suggestion of death on Plaintiff will initiate a 90-day period during which Plaintiff may seek to substitute a proper defendant in place of Singsong.[1]

**III.    Steps to Maintain the Action Against Defendant Singsong**

To maintain this action against defendant Singsong, Plaintiff must (1) comply with the state probate code requirements for pursuing a creditor's claim against a deceased defendant's personal representative in the appropriate probate court, and (2) file a motion for substitution of Singsong's personal representative with this Court.

The state probate code requires the following:

---

[1] Rule 25 "requires two affirmative steps in order to trigger the running of the 90 day period"; "[f]irst, a party must formally suggest the death of the party upon the record," and "[s]econd, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

> (a) An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:
>
> > (1) A claim is first filed as provided in this part.
> >
> > (2) The claim is rejected in whole or in part.
> >
> > (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution.
>
> (b) No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.

Cal. Prob. Code § 9370. A creditor claim "shall be filed with the court and a copy shall be served on the personal representative, or on a person who is later appointed and qualified as personal representative." Cal. Prob. Code § 9150.

Fed. R. Civ. P. 25 provides 90 days during which "[a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Service of the statement or suggestion of death on Plaintiff will initiate a 90-day period during which Plaintiff may seek to substitute a proper defendant in place of Singsong.

If Plaintiff does not proceed with filing a creditor's claim in probate court against Singsong's estate and seeking substitution of Singsong's representative as a defendant in this Court within 90 days after the statement of death has been served upon him, the Court will dismiss defendant Singsong from this action, as required by Fed. R. Civ. P. 25(a)(1) without further notice to Plaintiff. Fed. R. Civ. P. 25(a)(1) ("If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must** be dismissed.") (emphasis added).

## CONCLUSION

For the reasons set forth above, the Court orders Defendants to file in the record a statement or suggestion of death of defendant Singsong and serve it upon Plaintiff in the manner indicated by Federal Rule of Civil Procedure 25(a)(3). Defendants are also required to serve the

statement or suggestion of death on non-party successors or representatives of defendant Singsong "in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The statement or suggestion of death shall include the names and contact information for Singsong's non-party successors or representatives, and shall identify the county where defendant Singsong's estate is being administered.  Within 90 days of being served the statement of death, Plaintiff shall (1) comply with the state probate code requirements for pursuing a creditor's claim against a deceased defendant's personal representative in the appropriate probate court, and (2) file a motion for substitution of Singsong's personal representative with this Court.  If Plaintiff fails to comply with the deadlines set forth in this order, this action cannot proceed against defendant Singsong and the Court will dismiss defendant Singsong from this action without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated: 3/4/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge