UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEES,<br><br>    Plaintiff,<br><br>v.<br><br>MARISCAL, et al.,<br><br>    Defendants. | Case No. 19-cv-01603-HSG<br><br>**ORDER GRANTING REQUEST FOR DISMISSAL OF DEFENDANT SINGSON; DENYING REQUEST FOR SETTLEMENT CONFERENCE, TRIAL DATE, AND APPOINTMENT OF COUNSEL; GRANTING REQUEST TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 46, 49 |

Plaintiff, an inmate housed at Salinas Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This order addresses the requests made in Dkt. Nos. 46 and 49.

**DISCUSSION**

**I.   Docket No. 46 – "Request Case Name Change, Settlement Conference, Appointment of Counsel to Move and Set Trial Date"**

Plaintiff filed Docket No. 46 on or about March 31, 2022, and titled it: "Request Case Name Change, Settlement Conference, Appointment of Counsel to Move and Set Trial Date." Dkt. No. 46. In the body of this pleading, Plaintiff states that he would like to change the case name to omit defendant Singson[1] in light of defendant Singson's death and requests appointment of counsel.

The Court construes the request for a change of the case name as a request to voluntarily dismiss defendant Singson. Pursuant to Fed. R. Civ. P. 41(a), a plaintiff may voluntarily dismiss

---

[1] Defendants have informed the Court that the proper spelling of defendant Singson's name is "Singson," and not Singsong. Dkt. No. 48.

1  all claims against one defendant and dismiss that defendant from the entire action.  *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005).  The Court GRANTS the request to dismiss all claims against defendant Singson and DISMISSES defendant Singson from this action.

Plaintiff requests appointment of counsel on the grounds that he has "zero access" to the facility law library, he is enrolled in the mental health services program, scheduling has stopped, counsel for defendants is astute and professional, and his claims are meritorious.  Dkt. No. 46 at 2.  "Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman*, 390 F.3d at 1103.  Both factors must be viewed together before reaching a decision on a request for counsel under Section 1915.  *See id.*  The likelihood of Plaintiff's success on the merits is uncertain; Plaintiff has ably articulated his claims *pro se* so far despite the difficulties and restrictions he has described; and the legal issues do not appear unduly complex.  Plaintiff has failed to demonstrate exceptional circumstances that would require appointment of counsel.  Plaintiff's request for appointment of counsel is DENIED without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.  The Court requests that the prison litigation coordinator facilitate Plaintiff's access to the law library and orders the Clerk to send a copy of this order to the Salinas Valley State Prison litigation coordinator.

The pleading's title requests a settlement conference and trial date, but Plaintiff does not elaborate on these requests in the body of this pleading.  The Court DENIES Plaintiff's request for a settlement conference and for a trial date.  Defendants oppose the request for a settlement conference and nothing in the record indicates that a settlement conference is appropriate at this stage.  It is premature to set a trial date when dispositive motions have not yet been filed.

\\

2

**II.   Request to File Under Seal**

On March 4, 2022, the Court noted that Defendants had filed under seal a report of e-service waiver indicating that defendant Singson is deceased and requiring Defendants to file in the record a statement of suggestion of death of Defendant Singson and serve the statement upon Plaintiff in the manner indicated by Fed. R. Civ. P. 25(a)(3).  Dkt. No. 40; *see also* Dkt. No. 42.  On April 8, 2022, Defendants filed a suggestion of death of defendant Singson, Dkt. No. 48.  That same day, Defendants also filed a request to file under seal, pursuant to N.D. Cal. L. R. 7-11 and 79-5, the unredacted copies of the Notice of Death of Defendant Singson and the related documents verifying several service attempts.  Dkt. No. 49.  These documents contain the full name and home address of defendant Singson's surviving spouse, as well as the color and license plate of the car parked in front of Ms. Singson's home.  Defendants seek to file these documents under seal to ensure the safety and security of defendant Singson's surviving family, to shield them from possible acts of retaliation and harassment, and to protect their privacy.  Dkt. No. 49 at 1-2.

There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995).  "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation omitted).  The Ninth Circuit has carved out an exception for documents attached to non-dispositive motion because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related to, the underlying cause of action."  *Id.* (internal quotation marks and citation omitted) ("public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials").

Plaintiff has not opposed this motion to seal, and the privacy and safety of a nonparty is a

compelling reason for sealing records. The Court GRANTS Defendants' motion to seal the unredacted copies of the Notice of Death of Defendant Singson and the related documents verifying several service attempts, which are filed at Dkt. No. 49-2. Dkt. No. 49-2 shall remain under seal until the conclusion of this case and any appellate proceedings. If counsel for Defendants does not request that these documents be returned following the conclusion of this case and any appellate proceedings, these documents will be destroyed in conformance with the normal records destruction policy of the United States Courts.

## CONCLUSION

For the reasons set forth above, the Court orders as follow.

1.  The Court GRANTS the request to dismiss all claims against defendant Singson and DISMISSES defendant Singson from this action. The Court DENIES Plaintiff's request for appointment of counsel without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require. The Court DENIES as premature Plaintiff's request for a settlement conference and for a trial date. *See generally* Dkt. No. 46.

2.  The Court GRANTS Defendants' motion to seal the unredacted copies of the Notice of Death of Defendant Singson and the related documents verifying several service attempts, which are filed at Dkt. No. 49-2. Dkt. No. 49. Dkt. No. 49-2 shall remain under seal until the conclusion of this case and any appellate proceedings. If counsel for Defendants does not request that these documents be returned following the conclusion of this case and any appellate proceedings, these documents will be destroyed in conformance with the normal records destruction policy of the United States Courts.

\\
\\
\\
\\
\\
\\

3. The Court requests that the prison litigation coordinator facilitate Plaintiff's access to the law library and ORDERS the Clerk to send a copy of this order to the Salinas Valley State Prison litigation coordinator.

This order terminates Dkt. Nos. 46, 49.

**IT IS SO ORDERED.**

Dated: 4/11/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge